**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Douglas Richard HEWITT, a.k.a.
Dougie, Defendant–
Appellant.**

**No. 09–12622
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

March 17, 2010.

We affirm the denial of Hewitt's motion for a reduction of sentence.

**AFFIRMED.**

Mark Joseph Rosenblum, Jacksonville, FL, for Defendant–Appellant.

Patricia D. Barksdale, Jacksonville, FL, for Plaintiff–Appellee.

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Douglas Richard Hewitt appeals the denial of his motion for a reduction of sentence. 18 U.S.C. § 3582(c)(2). We affirm.

We review *de novo* conclusions about the scope of the legal authority of the district court under section 3582(c)(2). *United States v. Jones*, 548 F.3d 1366, 1368 (11th Cir.2008).

Amendment 706 to the Sentencing Guidelines reduced base offense levels for crack cocaine offenses. If a defendant was responsible for at least 4.5 kilograms of crack cocaine, Amendment 706 does not reduce his applicable guideline range, and he is ineligible for a sentence reduction under section 3582(c)(2). *Jones*, 548 F.3d at 1369. The decision of the Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), does not provide an independent basis to reduce his sentence. *Jones*, 548 F.3d at 1369.

Hewitt was ineligible for a sentence reduction under section 3582(c)(2). *Jones*, 548 F.3d at 1369. During Hewitt's original sentencing, the district court adopted the finding in the presentence investigation report that Hewitt was responsible for in excess of 5 kilograms of crack cocaine.